## No. C-1795

## David C. Nelson v. Strode Motors, Inc., a Colorado corporation

(600 P.2d 74)

Decided September 24, 1979.

Butler, Landrum, Pierce and Turner, P.C., Donald L. 'Banghart, for petitioner.

DeMoulin, Anderson, Campbell and Laugesen, Richard W. Laugesen, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

David C. Nelson (Nelson) commenced a breach of contract action against Strode Motors, Inc. (Strode). The trial court granted Strode's motion for summary judgment and the court of appeals affirmed. *Nelson v. Strode Motors, Inc.,* 41 Colo. App. 484, 590 P.2d 78 (1978). We granted certiorari and now affirm the judgment of the court of appeals.

Nelson rented an automobile from Strode. The rental agreement provided:

Lessee is covered by an automobile liability insurance policy, copy of which will be made available for inspection upon request by Lessee. Said policy contains a $1,000,000 combined single limit for each occurrence covering bodily injuries and property damage. Lessee being *an insured* under said policy agrees to comply with and be bound by all the terms, conditions and restrictions thereof. . . . (Emphasis added.)

Nelson's claim under the policy covering the rented automobile is based on injuries suffered as a pedestrian. He was struck and injured by another car driven by an uninsured motorist. Strode refused to compensate Nelson for his injuries. Nelson commenced this action on the grounds that Strode had failed to comply with the above-mentioned contractual provision and also had not complied with the Colorado Auto Accident Reparations Act,[1] thus being liable under section 10-4-705(2), C.R.S. 1973.[2]

We note initially that summary judgment may be granted when "there is no genuine issue as to any material fact." C.R.C.P. 56(c). For the reasons stated below, this provision has been satisfied in this case.

Strode contracted to provide coverage to Nelson as an "insured," as distinguished from a "named insured." *See Adkins v. Inland Mut. Ins. Co.,* 124 W. Va. 388, 20 S.E.2d 471, 473 (1942). This cannot be genuinely contested. Strode promised to insure Nelson against liability for bodily injuries and property damage while using the rented automobile. Strode did not promise to provide any additional coverage (as would have been implied had Strode promised to secure a policy under which Nelson was a named insured).

---

[1] Section 10-4-701 *et seq.,* C.R.S. 1973.

[2] "Any owner of a motor vehicle who operates the motor vehicle on the public highways of this state or who knowingly permits the operation of the motor vehicle on the public highways of this state who fails to have in full force and effect a complying policy covering said motor vehicle at the time of any accident, on account of which benefits under section 10-4-706(1)(b) to (1)(e) would be payable, shall be personally liable for the payment of such benefits to the person for whom such payment would have been required, if such coverage had been in effect under the terms of section 10-4-707. . . ."

■ Nor was Strode required by the Colorado Auto Accident Reparations Act to provide coverage which afforded no-fault benefits for personal injuries to an insured as a pedestrian arising out of an accident not involving the rented automobile. Section 10-4-705(1) provides that:

"Every owner of a motor vehicle who operates the motor vehicle on the public highways of this state or who knowingly permits the operation of the motor vehicle on the public highways of this state shall have in full force and effect a complying policy under the terms of this part 7 covering the said motor vehicle. . ."

Section 10-4-706, C.R.S. 1973 sets forth the required coverages. Section 10-4-707, C.R.S. 1973 provides that the required coverages shall be applicable to:

"(a) Accidental bodily injury sustained by the *named insured* when injured in an accident involving *any* motor vehicle . . .;

"(b) Accidental bodily injury sustained by a relative of the named insured [when injured in an accident involving any motor vehicle] if the relative at the time of the accident is a resident in the household of the named insured. . .;

"(c) Accidental bodily injury arising out of accidents occurring within this state sustained by any other person while occupying the *described motor vehicle* with the consent of the insured or while a pedestrian if injured in an accident involving the *described motor vehicle*." (Emphasis added.)

Nowhere in these sections is the owner of a motor vehicle required to provide insurance coverage as Nelson contends. Nor is there any provision in the Colorado Auto Accident Reparations Act which would require Strode to provide coverage to Nelson as a "named insured."

Summary judgment was properly granted in the trial court and we therefore affirm the judgment of the court of appeals.